UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shelly Carter,

      Plaintiff,

v.                                Civil No. 14-4530 (JNE/HB)
                                   ORDER

Saputo Dairy Foods USA, LLC,

      Defendant.

Shelly Carter brought this action in state court against Saputo Dairy Foods USA, LLC (Saputo Dairy). She asserted two claims: (1) reprisal discrimination in violation of the Minnesota Human Rights Act and (2) defamation. Saputo Dairy removed the action from state court on the basis of the jurisdiction conferred by 28 U.S.C. § 1332 (2012). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Observing that Saputo Dairy failed to state its own citizenship in its notice of removal, the Court grants Saputo Dairy an opportunity to file an amended notice of removal.

Section 1332(a)(1) provides that a district court has original jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).

1

"For a party to remove a case to federal court based on diversity jurisdiction, the parties must be diverse both when the plaintiff initiates the action in state court and when the defendant files the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013).  As the party invoking diversity jurisdiction, Saputo Dairy bears the burden of alleging the citizenship of each party.  *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

According to the notice or removal, Carter "is a U.S. citizen" who "alleges that she resides in Minnesota."  Thus, Saputo Dairy alleged that Carter is a citizen of Minnesota.  *See Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777-78 & n.6 (8th Cir. 2014).

As to its own citizenship, Saputo Dairy stated in the notice of removal that it "is incorporated in Delaware" and that "its principal place of business is located in . . . Texas."  Because "LLC" appears in its name, Saputo Dairy is apparently a limited liability company.  *See* 6 Del. C. § 18-102.  A database available on the Delaware Department of State's website indicates that Saputo Dairy is a limited liability company. *Cf. Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692-93 (7th Cir. 2003) (noting court consulted databases available on the Internet to ascertain jurisdictional details before oral argument).  For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members.  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).  "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court

needs to know the citizenship of each member of the company." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-27 (1st Cir. 2011) (per curiam); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam); *cf. Barclay Square Props.*, 893 F.2d at 969 ("Barclay Square Properties is a limited partnership, and because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction."). "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay*, 585 F.3d at 1005. Saputo Dairy did not state with specificity the citizenship of each member of the company. Consequently, it failed to state its own citizenship.

Having failed to state its own citizenship, Saputo Dairy has not satisfied its burden of alleging diversity jurisdiction. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2012). "If a party fails to specifically allege citizenship in [its] notice of removal, the district court should allow that party to cure the omission, as authorized by § 1653." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) (internal quotation marks omitted); *see McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 654 (7th Cir. 1998). Accordingly, the Court grants Saputo Dairy seven days from the date of this Order to file an amended notice of removal that states with specificity the citizenship of each party. *See Corporate Mgmt. Advisors*, 561 F.3d at 1298 (directing the district court

to permit the removing party to amend its notice of removal).  If Saputo Dairy fails to do

so, the Court will remand this action to state court.[1]  *See* 28 U.S.C. § 1447(c) (2012).

IT IS SO ORDERED.

Dated: October 30, 2014

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[1]   The Court notes that Carter alleged in the complaint that Saputo Dairy "is a domestic corporation of Delaware" whose "corporate office" is in Texas.  Carter also alleged that Saputo Dairy "is a subsidiary of Saputo Inc. . . ., a company incorporated in the Country of Canada with its principal place of business in . . . Canada."  *Cf.* 28 U.S.C. § 1332(a)(2) (conferring jurisdiction over certain civil actions between "citizens of a State and citizens or subjects of a foreign state").